IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LARRY JOHNSON,

        Plaintiff,

   v.

CARL STOUT, et al.,

        Defendant.

Civil Action
No. 14-7699 (AET/LHG)

**MEMORANDUM OPINION AND ORDER**

    Before the Court is Plaintiff Larry Johnson's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on November 8, 2014 (Docket Entry 1).

    1. By order dated February 17, 2015, this Court administratively terminated the complaint and denied Plaintiff's IFP application as being deficient under 28 U.S.C. § 1915(a)(1),(2). (Docket Entry 2).

    2. On March 1, 2015, Plaintiff submitted a new IFP application, which was inadvertently filed with a new complaint, Civil Action 3:15-cv-01816 (AET/LHG) (Docket Entry 1-1 at 4-12). The Clerk shall be ordered to refile the IFP application under this Docket Number.

    3. The Court having reviewed the IFP application, it shall be granted and the Clerk will be directed to file the Complaint in this matter, Docket Entry 1.

4. Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma* pauperis, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is a prisoner is proceeding *in forma pauperis*.

5. The Court having reviewed the Complaint, as well as a Complaint filed by Plaintiff on October 31,2014, Civil Action No. 3:14-cv-07388 (AET/DEA), will dismiss the instant Complaint (Docket Entry 1) as being duplicative of 14-7388.

**THEREFORE**, it is this ___16th___ day of ___March___ 2015,

**ORDERED** the Clerk of Court shall reopen No. 14-7699, and shall file Plaintiff's IFP application, inadvertently filed with 3:15-cv-01816 (AET/LHG) (Docket Entry 1-1 at 4-12), in No. 14-7699, and it is further

2

**ORDERED** that Plaintiff's application to proceed in forma pauperis is GRANTED, and it is further

**ORDRED** that the Clerk of the Court file the Complaint (Docket Entry 1); and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's institutional account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall asses, deduct from his institutional account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account, with each payment referencing the civil docket number of this action; and it is further

**ORDERED** that the Complaint (Docket Entry 1) is DISMISSED as being duplicative of Civil Action No. 3:14-cv-07388 (AET/DEA), and it is finally

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum Opinion and Order upon Plaintiff and the Administrator of New Jersey State Prison by regular U.S. Mail.

ANNE E. THOMPSON
U.S. District Judge

3